IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

LEVI S. DUNCAN, )
 )
     Plaintiff, )
 )
v. ) No. CIV-04-510-FHS
 )
MICHAEL J. ASTRUE, Commissioner )
of Social Security, )
 )
     Defendant. )

**ORDER AND OPINION**

    In this action to recover social security disability benefits and Supplemental Security Income Benefits ("SSI"), Plaintiff Levi S. Duncan's attorney has moved the court for an approval of attorney's fees under the Social Security Act, 42 U.S.C. § 406(b), in the amount of $7,250.00.[1] Counsel claims this is a reasonable fee and it reflects an amount which is less than twenty-five percent of the total past-due SSI benefits ($31,547.00) to which Plaintiff is entitled for the period between August 2002 and March 2007.[2] In response, the Commissioner declines to take a position

---

[1] Counsel also seeks a stay of this motion for attorney's fees until the Tenth Circuit Court of Appeals rules on a pending appeal, Wrenn v. Barnhart, Appeal No. 06-7088 (E.D. Okla. No. 03-350-KEW), addressing the issue of whether it is proper to aggregate awards under 42 U.S.C. §§ 406(a) and 406(b) for purposes of applying the twenty-five percent of past-due benefits cap imposed by 42 U.S.C. § 406(b)(1)(A).

[2] Counsel creates some confusion as to the amount of past-due benefits in footnote five of her motion. In that footnote, counsel states past-due benefits are in excess of $38,000. This reference to $38,000 in past-due benefits, however, reflects an award to a claimant named "Vaughn" for a period beginning in September 2001 and ending in April 2007. Apparently, counsel mistakenly inserted this footnote from another case, not the

1

as to the reasonableness of counsel's fee request and, further, does not object to a stay of the proceedings.

For purposes of an award of attorney's fees under the Social Security Act, a distinction is made between the recovery of disability benefits under Title II, 42 U.S.C. §§401-433 and SSI under Title XVI, §§1381-1383c. In Bowen v. Galbreath, 485 U.S. 74 (1987), the Supreme Court detailed the different purposes of Title II and Title XVI benefits. In sum, Title II is an insurance program providing disability benefits upon a showing of physical or mental disability without regard to financial need; Title XVI is a welfare program providing SSI benefits to the financially needy who are aged, blind, or disabled regardless of their insured status. Id. at 75; see also Mazza v. Secretary, Dep't. of Health & Human Serv., 903 F.2d 953, 955-56 (3rd Cir. 1990). Title II contains provisions which authorize the judicial and administrative withholding of past-due benefits for attorney's fees. 42 U.S.C. §§406(a) and 406(b)(1). Title XVI contains no similar provisions. The Supreme Court in Galbreath noted the omission of withholding provisions under Title XVI and stated "it is fair to assume that this omission also reflected Congress' view that withholding past-due SSI benefits would be inconsistent with the purpose of the [Title XVI] program." Id. at 77. After examining the respective legislative histories, the Supreme Court determined that Title XVI evidences "a congressional intent not to allow the withholding of past-due SSI benefits to pay attorney's fees incurred in judicial proceedings." Id. at 77-78; see also Pierce v. Barnhart, 440 F.3d 657, 660 n. 3 (5th Cir. 2006)("attorney's fees from past-due benefits are not available under Title XVI but are payable only

---

instant case involving Plaintiff. The Court will therefore rely on the $31,547.00 figure as the amount of past-due SSI benefits.

under Title II"); 20 C.F.R. § 404.1703 (fees for representation are calculated from past-due benefits under Title II, before any reduction of Title XVI benefits for same period). Given this authority, the Court is precluded from ordering the Commissioner to compute, certify, or pay attorney's fees from the past-due SSI benefits awarded Plaintiff. This authority makes clear that counsel is only entitled to an award of attorney's fees under section 406(b) in connection with past-due disability benefits awarded under Title II.

Unfortunately, the record is silent as to the amount of past-due disability benefits awarded to Plaintiff.[3] Counsel has failed to supply the Court with this necessary information to support an award under section 406(b). Counsel attaches only the Notice of Award with respect to SSI. Attachment No. 1 to Plaintiff's Motion for Attorney Fees under 42 U.S.C. § 406(b) and Motion for Stay of Proceedings. There being no evidentiary record on the amount of past-due disability benefits awarded to Plaintiff and, more importantly, no request by counsel for an award of attorney's fees based on past-due disability benefits under Title II, the Court is precluded from awarding attorney's fees to counsel under section 406(b) for work she performed at the district court level.

Based on the foregoing reasons, the Motion for Attorney Fees under 42 U.S.C. § 406(b) and Motion for Stay of Proceedings is denied without prejudice to counsel filing an appropriate motion for attorney's fees in the context of past-due disability benefits under Title II.

---

[3] The record is also silent as to the amount of any fee approved and paid to Plaintiff's agency representative pursuant to 42 U.S.C. § 406(a) for services rendered at the administrative level.

It is so ordered this 23rd day of August, 2007.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma